Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Marlo Kennedy,
on behalf of herself and all others
similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------X
Marlo Kennedy, on behalf of herself and all      Civil Action No.
others similarly situated

                    Plaintiffs,                    **CLASS ACTION**
                                                                    **COMPLAINT**
   v.

Central Credit Services, LLC

                    Defendant.
-------------------------------------------------------X

Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint against Defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:

## INTRODUCTION

1. Marlo Kennedy ("Plaintiff"), on her own behalf and on behalf of the class she seeks to represent, bring this action to secure redress for the debt collection practices utilized by Central Credit Services, LLC ("CCS" or "Defendant") in connection with their attempts to collect alleged debts from herself and others similarly situated.

1

2. Plaintiff alleges that Defendant's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements made in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. *See* 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698 F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:

    i.   The acts giving rise to this lawsuit occurred within this District;

    ii.  Defendant does business within this District; and

    iii. Defendant resides within this District.

## PARTIES

7. Plaintiff is an individual natural person who at all relevant times resided in the City of Newark, County of Essex, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. CCS is a Limited Liability Company with its principal place of business located at 500 North Franklin Turnpike Suite 200 Ramsey, NJ 07446.

10. The principal purpose of CCS is the collection of debts using the mail and telephone.

11. CCS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. CCS is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

13. On or about August 2014, Plaintiff allegedly incurred a financial obligation to American Express (the "Debt").

14. The Debt arose out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family or household purposes, namely fees emanating from a personal credit card account in Plaintiff's name.

15. The Debt arose out of a credit card account which Plaintiff opened for her personal use.

16. Plaintiff's American Express credit card account was neither opened nor used by Plaintiff for business purposes.

17. Plaintiff's personal credit card account Debt to American Express is a "debt" as defined by 15 U.S.C. §1692a(5).

18. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the Debt.

19. On or before August 25, 2017, the Debt was referred by American Express to CCS for the purpose of collections.

20. CCS contends that the Debt is past-due and in default.

21. At the time the Debt was referred to CCS, the Debt was past-due.

22. At the time the Debt was referred to CCS, the Debt was in default.

23. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

24. On or about August 25, 2017, CCS mailed or caused to be mailed a letter to Plaintiff. (Annexed and attached hereto as <u>Exhibit A</u> is a true copy of the letter dated August 25, 2017 sent by CCS to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect her privacy).

25. CCS mailed the August 25, 2017 letter attached as <u>Exhibit A</u> as a part of their efforts to collect the Debt.

26. Plaintiff received the letter attached as <u>Exhibit A</u> in the mail.

27. Plaintiff read the letter attached as <u>Exhibit A</u> upon receipt of the letter in the mail.

28. <u>Exhibit A</u> was sent in connection with the collection of the Debt.

29. <u>Exhibit A</u> seeks to collect the Debt.

30. <u>Exhibit A</u> conveyed information regarding the Debt including the Current Balance, CCS reference number, and a demand for payment.

31. The letter attached as <u>Exhibit A</u> is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

32. The letter attached as <u>Exhibit A</u> is the first written communication Plaintiff received from Defendant.

33. The letter attached as <u>Exhibit A</u> is the first written communication Defendant sent to Plaintiff regarding the Debt.

34. <u>Exhibit A</u> represents CCS's initial collection "communication" with Plaintiff as "communication" is defined by 15 U.S.C. §1692a(2).

35. The letter attached as Exhibit A states in relevant part:

    "CURRENT BALANCE: $911.65"

    And below states: "Please be advised that we have been requested by AMERICAN EXPRESS (US) to assist them in the collection of the amount set forth above.

36. The letter attached as Exhibit A contained a detachable payment coupon for Plaintiff to return with payment towards the Debt that also listed a Current Balance Due of $911.65.

37. The letter attached as Exhibit A does not disclose that the amount of the Debt ($911.65) listed in the top portion of the letter and in the detachable payment coupon may increase due to interest and/or fees.

38. Interest was in fact accruing on the Debt.

39. Fees were in fact accruing on the Debt.

40. As of November 26, 2017, American Express reports that the balance due on the Debt is $1,079.68.

41. The increase in the Debt from $911.65 to $1,079.68 was due to interest and/or fees that had accumulated and/or been added onto the Debt.

42. The letter attached as Exhibit A did not state that CCS would accept payment of $911.65 in full satisfaction of the Plaintiff's alleged Debt if payment of $911.65 was made by a specified date.

43. Plaintiff, as would any least sophisticated consumer, incorrectly believed from reading Exhibit A that the amount of the Debt was static and that her payment of the $911.65 amount listed in the top portion of Exhibit A and the detachable payment coupon contain therein would satisfy the Debt irrespective of when the payment was remitted.

44. On November 26, 2017, had Plaintiff followed the instructions on <u>Exhibit A</u> and sent a payment of $911.65 (the amount CCS states in <u>Exhibit A</u> it has been requested to collect) with the detachable payment coupon, that would not have satisfied the Debt in full because the Debt was accruing interest and/or fees that were not disclosed to Plaintiff in <u>Exhibit A</u>.

45. On November 26, 2017, had Plaintiff followed the instructions on <u>Exhibit A</u> and sent a payment of $911.65 with the detachable payment coupon, she still would have owed an additional $168.03 that had accumulated on the Debt between August 25, 2017 and November 26, 2017.

46. <u>Exhibit A</u> is a computer-generated form letter.

47. CCS's debt collection practice is largely automated and utilizes standardized form letters.

48. On information and belief, the August 25, 2017 letter attached as <u>Exhibit A</u> is a mass-produced, computer generated form letter that is prepared by CCS and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

49. Defendant used the same procedures it used in sending the letter attached as <u>Exhibit A</u> when sending the same and/or similar letters to other New Jersey consumers.

**CLAIMS FOR RELIEF**

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

50. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

51. In sending the letter attached as <u>Exhibit A</u>, CCS violated 15 U.S.C. §§1692, 1692e(2)(A), 1692(e)(10), and 1692g(a)(1).

6

52. 15 U.S.C. §1692e provides:

    **§1692e.        False or Misleading Representations**

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    >    (2) The false representation of --

    >    >    (A) the character, amount, or legal status of any debt;

    >    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

53. 15 USC §1692g provides:

    **§1692g        Validation of debts**

    (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

    >    (1) the amount of the debt

54. Courts in this District and others including Circuit Courts have recognized that an initial communication validation notice, like the one attached as Exhibit A violates §1692e of the FDCPA unless it states the total amount due as of the date the letter is sent **and** discloses whether the amount of the debt will increase because of interest or fees accruing on the unpaid principal. *See, e.g*. Marucci v. Cawley & Bergmann, LLP, 2014 WL 7140496 (D.N.J. Dec. 15, 2014); Smith v. Lyons, Doughty & Veldhuius, P.C., 2008 WL 2885887 (D.N.J. July 23, 2008); Avila v. Riexinger & Associates, LLC, 817 F. 3d 72 (2d. Cir. 2016) ("Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of

their account balance, to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts")

55. CCS violated 15 U.S.C. §1692e(2)(A) because the letter attached as <u>Exhibit A</u> made a false representation as to the amount of the Debt, misrepresented its character (as fixed), and misrepresented its legal status (not disclosing that it was continuing to accrue interest).

56. CCS violated 15 U.S.C. §1692e(10) by failing to disclose in the letter attached as <u>Exhibit A</u> that the amount of the Debt may increase because of interest and/or fees and as such used a false and misleading representation in connection with the collection of the Debt.

57. CCS violated §1692e(2)(A) and §1692e(10) and by asserting flatly in <u>Exhibit A</u>, which was the notice required by §1692g, that the amount of the Debt was a sum certain and failing to inform Plaintiff that the amount of the Debt would increase due to interest and/or fees. This assertion was untrue and known to be untrue since CCS was hired to collect a balance on behalf of American Express that CCS knew was accruing interest and/or fees and would increase by the amount of interest accrued and fees charged.

58. The false representation of the amount of the Debt and/or it's character and legal status is material because it impeded Plaintiff's ability to respond by making her think that payment of the amount of the Debt listed in <u>Exhibit A</u> and the detachable payment coupon contained therein would satisfy the Debt regardless of when it was paid.

59. CCS violated §1692g(a)(1) by asserting flatly in <u>Exhibit A,</u> which was the notice required by §1692g, that the Debt owed was a sum certain and failing to inform the Plaintiff in its initial communication with her that the amount of her Debt would increase due to interest and/or fees. *See,* <u>Marucci v. Cawley & Bergmann, LLP</u>, 2014 WL 7140496 (D.N.J. Dec. 15, 2014).

60. CCS violated 15 U.S.C. §1692g(a) by failing to disclose in the letter attached as <u>Exhibit A</u>, or within five days thereafter, the correct amount of the Debt as required by 15 U.S.C. §1692g(a)(1). CCS failed to disclose that the amount of the Debt disclosed in <u>Exhibit A</u> would increase because of interest and/or fees as was the case with Plaintiff's American Express Debt.

61. Plaintiff has alleged a particularized injury because the letter attached as <u>Exhibit A</u> was were mailed and directed to her.

62. Plaintiff has alleged a concrete harm because the FDCPA creates a substantive right to be free from abusive debt communications and Defendant's violations of the FDCPA results in concrete harm to Plaintiff.

63. Be reason thereof, Defendant is liable to Plaintiff and the proposed class for judgment that Defendant's conduct violated 15 U.S.C. §1692e and 15 U.S.C. §1692g and for statutory damages, costs, and attorneys' fees pursuant to 15 U.S.C. §1692k.

## CLASS ALLEGATIONS

64. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

65. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

66. The class is initially defined as: (a) all individuals (b) with a New Jersey address (c) who were sent letters or notices from CCS in a form materially identical or substantially similar to the letter attached as <u>Exhibit A</u> to the Complaint (d) regarding an alleged debt owed to American Express that accrued interest and/or fees after it was placed with CCS for collection (e) which was not returned as undeliverable (f) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

67. The class definition above may be subsequently modified or refined.

68. The proposed class specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

69. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    i. **Numerosity**: Plaintiff is informed and believe and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. Defendant's violations of the FDCPA involve a form collection letter. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e and 15 U.S.C. §1692g; (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

iii. **Typicality**: Plaintiff's claims are typical of those of the class they seek to represent. Plaintiff's claims and those of each class member originate from the same conduct, practice, and procedure, on the part of the Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and have suffered the same injuries as each other and each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of herself and the absent class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the Class and does not have any interest adverse to or which directly and irrevocably conflict with the interests of other members of the class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA class action litigation and will adequately prosecute

       this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

    v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

70. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting any individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

71. A class action is superior for the fair and efficient adjudication of this matter, in that:

    i.    Individual actions are not economically feasible;

    ii.    Members of the class are likely to be unaware of their rights;

    iii.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that CCS violated 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(10), and 1692g(a)(1);

3. An award of statutory damages for Plaintiff, and the class pursuant to 15 U.S.C. §1692k;

4. Attorneys' fees, litigation expenses, and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.


Dated: Floral Park, New York
November 28, 2017

By: /s/ Ryan Gentile
_____
Ryan Gentile, Esq.
Law Offices of Gus Michael Farinella PC
*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (201) 6873-7675
Fax: (212) 675-4367
rlg@lawgmf.com


**NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

The Law Offices of Gus Michael Farinella, PC

By: /s/ Ryan Gentile
_____
Ryan Gentile

13